UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

YING J. CHEN, ZHUO Z. LIN, ZHI L. CHEN, BIN
ZHENG, SHENG X. CHEN, MIN Y. CAI, MAN F.
YUNG, XIAN Y. OU, JIAN H. WU, WEI X. LIANG, QIA
S. LI, JIA R. ZHAO, XIAN Q. CHEN, CHUN YAU, QIA
H. LI, YAO H. ZOU, PAUL WONG, JIAN M. WU,
DONG Q. CHEN, YECK K. MUI, QIU L. WANG, MAO        07 CV 3908
C. CHENG, LONG FANG, YE Y. LIANG, JIAN Q. YU,
CHEE K. TSANG, ZHAO Y. ZHU AND YI C. CHEN,         **COMPLAINT**

                Plaintiffs,

                -against-

JING FONG RESTAURANT, INC.,                        ECF CASE
SHUI LING LAM, YAU MING LAM,
CHUN TSUI, CHUNG KO CHENG, POK
MAN LEUNG, CHEN KWOK CHENG,

                Defendants.

-------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

    1.     This a proceeding to recover damages for violations of Federal and New York law

governing minimum wages, overtime pay and the ownership of gratuities.

2.    The Plaintiffs work as waiters or busboys at the Jing Fong Restaurant, Inc. ("Jing Fong"), owned and operated by the individual Defendants in New York, New York.  Jing Fong was the subject of litigation in 1997 raising the same issues raised here.

3.    The 1997 litigation was settled with a monetary payment to the employees and an assurance Jing Fong would comply with all applicable federal and state minimum wage and tip allocation laws.  Jing Fong has ignored its promise to comply with the law, and ignored the laws that protect workers like the Plaintiffs, compelling Plaintiffs to bring this action to recover damages and to obtain an injunction against future violations.

4.    As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under state and federal law.

5.    Defendants also illegally retained a portion of gratuities that the Plaintiffs earned during their employment and were entitled to retain.

6.    In addition, Defendants illegally imposed an involuntary tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips.

7.    Finally, Defendants failed to reimburse Plaintiffs for the costs of purchasing and cleaning required uniforms, in violation of state and federal law.

8.    Defendants committed each of this actions in willful violation of their legal obligations and in violation of the terms of Jing Fong's October 1997 Settlement Agreement in the prior litigation Chan v. Jing Fong Restaurant, Inc., 97 Civ. 0388 (JSR) and its Assurance of Discontinuance with the Attorney General of the State of New York, under which Jing Fong promised to abide by relevant sections of the New York State Labor Law.

2

9.      Due to Defendants' continuing violations of federal and state law and the breach of their promises under the Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to: (1) unpaid minimum wages; (2) unpaid overtime differential; (3) reimbursement for gratuities unlawfully retained or distributed by Defendants; (4) reimbursement for the costs of purchasing and/or cleaning required uniforms; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

11.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiffs

13.     Plaintiff Chen Ying Jon has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately September 2006 to the present.

14.     Plaintiff Lin Zhuo Zhu has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately September 2004 to the present.

15.     Plaintiff Chen Zhi Liang has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately August 2004 to the present.

3

16.     Plaintiff Zheng Bin has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately January 1993 to the present.

17.     Plaintiff Chen Sheng Xian has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately September 1997 to the present.

18.     Plaintiff Cai Min Yue has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately May 2004 to the present.

19.     Plaintiff Yung Man Fai has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately June 1997 to the present.

20.     Plaintiff Ou Xian Yang has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately May 2004 to the present.

21.     Plaintiff Wu Jian Hua has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately November 2004 to the present.

22.     Plaintiff Liang Wei Xuan has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately March 2005 to the present.

23.     Plaintiff Li Qia Shou has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately May 2004 to the present.

24.     Plaintiff Zhao Jia Rong has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately June 2006 to the present.

25.     Plaintiff Chen Xian Qiong has been employed by the Defendant as a busgirl at Jing Fong Restaurant from approximately December 2004 to the present.

26.     Plaintiff Yau Chun has been employed by the Defendant as a waitress at Jing Fong Restaurant from approximately May 2004 to the present.

4

27.    Plaintiff Li Qia Huang has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately May 1998 to the present.

28.    Plaintiff Zou Yao Hong has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately April 2006 to the present.

29.    Plaintiff Wong Paul has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately January 1993 to the present.

30.    Plaintiff Wu Jian Min has been employed by the Defendant as a captain/head waiter at Jing Fong Restaurant from approximately January 1993 to the present.

31.    Plaintiff Chen Dong Qing has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately March 2005 to the present.

32.    Plaintiff Mui Yeck Kuen has been employed by the Defendant as a busboy at Jing Fong Restaurant from approximately May 2005 to the present.

33.    Plaintiff Wang Qiu Liang has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately December 1996 to the present.

34.    Plaintiff Cheng Mao Cheung has been employed by the Defendant as a captain/head waiter at Jing Fong Restaurant from approximately 1994 to the present.

35.    Plaintiff Fang Long has been employed by the Defendant as a waitress at Jing Fong Restaurant from approximately May 2004 to the present.

36.    Plaintiff Liang Ye has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately April 1997 to the present.

37.    Plaintiff Yu Jian Quan has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately December 2000 to the present.

38.     Plaintiff Tsang Chee Keung has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately January 1993 to the present.

39.     Plaintiff Zhu Zhao Ying has been employed by the Defendant as a busgirl at Jing Fong Restaurant from approximately September 2004 to the present.

40.     Plaintiff Chen Yi Cong has been employed by the Defendant as a waiter at Jing Fong Restaurant from approximately August 2004 to the present.

## Defendants

41.     Upon information and belief, Jing Fong Restaurant, Inc. is a New York corporation with a principal place of business at 20 Elizabeth Street, New York, New York.

42.     Upon information and belief, Jing Fong Restaurant, Inc. operates a restaurant that does business under the name "Jing Fong Restaurant" at 20 Elizabeth Street, New York, New York.

43.     Defendant Shui Ling Lam, on information and belief, is an owner, shareholder, and Chair of the Board of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

44.     Defendant Yau Ming Lam, on information and belief, is an owner, shareholder, and General Manager of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong

6

Restaurant, establish their wages, set their work schedules, and maintain their employment records.

45.     Defendant Chun Tsui, on information and belief, is an owner and manager of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

46.     Defendant Chung Ko Cheng, on information and belief, is an owner and manager of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

47.     Defendant Pok Man Leung, on information and belief, is an owner and manager of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

48.     Defendant Chen Kwok Cheng, on information and belief, is the executive manager of Jing Fong Restaurant, Inc.   On information and belief, at all times relevant to the allegations herein, his duties included hiring and firing employees at the Jing Fong Restaurant, establishing their wages, setting their work schedules, and maintaining their employment records.

7

## STATEMENT OF FACTS

49.     Plaintiffs have been employed as waiters, busgirls and busboys by Defendants at the Jing Fong Restaurant beginning at various times as early as approximately January 1993, and are currently employed there today, as described above.

50.     The Defendants are aware of federal and state labor law requirements regarding minimum wage and tip distribution, and have been found guilty of violating them before.

51.     In January 1997, the Attorney General of the State of New York brought a proceeding against Defendant Jing Fong Restaurant, Inc. for violations of New York State labor laws relating to its wage and tipping payment practices. A group of waiter-employees brought a companion suit in this Court alleging violations of both federal and state labor laws.

52.     On or about October 29, 1997, Defendant Jing Fong Restaurant, Inc. entered into an Assurance of Discontinuance Pursuant to Executive Law Section 63(15) (the "Assurance of Discontinuance") with the Attorney General of the State of New York.

53.     On or about October 30, 1997, Defendant Jing Fong Restaurant, Inc. entered into a Settlement Agreement with the group of Jing Fong waiter-employees in regard to the suit brought in this Court.

54.     The Assurance of Discontinuance and Settlement Agreement required Jing Fong to pay $1,145,000 in restitution and damages to the Attorney General to be distributed to Jing Fong waiters and busboys employed at the restaurant during the relevant time.

55.     The Assurance of Discontinuance requires Jing Fong to refrain from all violations of Labor Law Section 652(2) and 12 NYCRR Sections 137-1.3 and 137-1.4, and pay all persons employed by the restaurant the proper minimum wage and overtime wage required by law.

8

56.    The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 196-d and explicitly obligates Jing Fong not to accept or retain, directly or indirectly, any part of the gratuities received by any employee of the restaurant; not to direct or participate in the tip collection and distribution process, and mandates that the tip distribution process be solely determined by and operated by all of the directly tipped employees at the restaurant.

57.    As part of its settlement of claims, Jing Fong agreed to refrain from all violations of the FLSA 29 U.S.C. §§201 et seq, and New York Labor law §§ 190 et seq. and §§650 et seq., and § 215 and to pay the plaintiffs proper minimum wages and overtime.    The Settlement Agreement also provides that if Jing Fong intends to take the tip credit, it must inform plaintiffs of section 203(m) of the FLSA; must not demand, accept, or retain, directly or indirectly, any of the tips received by plaintiffs, nor direct or participate in the tip collection and distribution process; must not deduct money from plaintiffs' wages without their written consent; must maintain wage and hour records for plaintiffs, and must reimburse plaintiffs for the cost and maintenance of uniforms.

58.    At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206 has required the Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour.

59.    At all relevant times, the New York Minimum Wage Act, N.Y. Lab. Law § 652, has required Defendants to pay Plaintiffs minimum wages of between $4.25 and $7.15 per hour.

60.    Defendants have not explained nor notified Plaintiffs of the existence and requirements of federal law relating to tip credits or tip allowances.

9

61.     Defendants have not, as required by law, notified the Plaintiffs of their intention to pay the Plaintiffs less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

62.     Defendants have willfully paid Plaintiffs for their services and labor at hourly rates below the applicable minimum hourly wages in violation the Fair Labor Standards Act and the New York Minimum Wage Act.

63.     At all relevant times, state law, 12 N.Y.C.R.R. 137-1.3, has required Defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours a week.

64.     As Defendants' employees, Plaintiffs frequently worked in excess of forty hours per week.

65.     Defendants have willfully paid Plaintiffs at a rate that is less than one and a half times their regular rates or the minimum wage, the minimum regular rate of pay to which Plaintiffs are entitled.

66.     During the time that Plaintiffs have worked at the Jing Fong Restaurant, customers have routinely left gratuities to the Plaintiffs for their service.

67.     Defendants have willfully and unlawfully retained a portion of the gratuities earned by Plaintiffs while serving Jing Fong Restaurant customers.

68.     Plaintiffs also regularly worked at banquets and large parties at which customers paid gratuities to the Plaintiffs for their service.

69.     Defendants have willfully and unlawfully retained a portion of those gratuities in violation of New York Labor Law.

10

70.     Defendants have willfully and unlawfully exercised control over the tip collection and distribution process in violation of state law.

71.     Defendants have willfully and unlawfully imposed tip pooling on Plaintiffs without plaintiffs' consent and Defendants determined shares of tips per tipped employee in violation of state law.

72.     During their employment by Defendants, the Plaintiffs have been required to wear uniforms during each shift they worked.

73.     Defendants have willfully failed to reimburse Plaintiffs for the expenses Plaintiffs incurred in purchasing and cleaning these required uniforms in violation of New York Labor Law.

### FIRST CAUSE OF ACTION
**Minimum Wages Under the Fair Labor Standards Act**

74.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

75.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203

76.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

77.     Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

11

78.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally their unpaid minimum wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

79.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

80.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

81.    Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, N.Y. Lab. Law § 652.

82.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally their unpaid minimum wages, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

83.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

84.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

85.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

86.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

87.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, jointly and severally their unpaid overtime wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

88.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

89.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

90.    Defendants failed to pay Plaintiffs overtime wages for all hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled in violation of 12 N.Y.C.R.R. 137-1.3.

91.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

13

## FIFTH CAUSE OF ACTION
### Tip Credit Claim Under the Fair Labor Standards Act

92.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

93.    At all times relevant to this action, Plaintiffs were "tipped employee[s]" within the meaning 29 U.S.C. § 203(t).

94.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

95.    Defendants illegally retained a portion of the tip pool in violation of 29 U.S.C. § 203(m).

96.    Defendants fail to inform plaintiffs of the provisions of 29 U.S.C. § 203 m.

97.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime-pay in addition to gratuity payments that were retained by Defendants plus liquidated damages equal to their monetary award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act

## SIXTH CAUSE OF ACTION
### Claim For Retained Gratuities Under New York Labor Law

98.    Plaintiffs repeat and reallege all allegations in the paragraphs above.

99.    At all times relevant to this action, Plaintiffs were employed by Defendants as waiters and received from customers gratuities for their services.

100.    At all times, Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

14

101.    Defendants demanded and retained a portion of the gratuities in violation of New York Labor Law § 196-d.

102.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198.

## SEVENTH CAUSE OF ACTION
### Claim Gratuities Controlled and Distributed by Defendants
### Under FLSA and New York Labor Law

103.    Plaintiffs repeat and reallege all allegations in the paragraphs above.

104.    At all times relevant to this action, Plaintiffs were employed by Defendants as waiters and received from customers gratuities for their services.

105.    At all times, Defendants controlled the tip collection and distribution of tip shares or amounts in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203m.

106.    Due to Defendants' violations, Plaintiffs who are waiters are entitled to recover from Defendants, jointly and severally, damages in the amount of the unequal gratuity payments that were given to waiters and other employees by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA 29 U.S.C. § 216(b)..

## EIGHTH CAUSE OF ACTION
### Reimbursement for Required Uniforms Under New York Labor Law

15

107.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

108.    Defendants required Plaintiffs to purchase and maintain uniforms but failed to reimburse them for these uniform-related expenses or to compensate them according to the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically 12 N.Y.C.R.R. § 137-1.8 and 29 U.S.C. 2006.

109.    Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the legally required reimbursements for the maintenance of uniforms, the cost of purchasing such uniforms, liquidated damages, and reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1) and 29 U.S.C. 216b.

## NINTH CAUSE OF ACTION
### Breach of Contract Under New York Law

110.    Plaintiffs repeat and reallege all the allegations in paragraphs 1-68 above as if set forth here in full.

111.    Defendants have failed to pay Plaintiffs the proper minimum wage as required by law.  Defendants have also retained a portion of the gratuities received by employees of the restaurant; and have directed and participated in the tip collection and distribution process, preventing the restaurant's tipped employees from solely determining and operating the tip collection and distribution.

112.    All of the acts or omissions listed in the paragraph above are in breach of Defendants' October 1997 Settlement Agreement and Assurance of Discontinuance.

113.    Jing Fong Restaurant, Inc., and Defendants Shui Ling Lam, Chung Ko Cheng, Pok Man Leung and Chun Tsui, have willfully violated the terms of the Settlement Agreement and Assurance of Discontinuance through the actions described above.

114.    Due to Defendants' breach of their contractual obligations under the October 1997 Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to recover from Defendants, jointly and severally, compensatory damages.

## PRAYER FOR RELIEF

115.    WHEREFORE Plaintiffs respectfully prays this Court award them:

   a.    Plaintiffs unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act.

   b.    Plaintiffs unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act.;

   c.    An amount equal to the portion of table service and banquet gratuities unlawfully retained by Defendants due under New York Labor Law and the Fair Labor Standards Act.;

   d.    An amount equal to the portion of table service and banquet gratuities unlawfully distributed by Defendants due under New York Labor Law and the Fair Labor Standards Act.;

   e.    An amount equal to the reimbursable amount due under the New York Labor Law and its regulations for required uniform purchase and maintenance;

17

f.      Liquidated damages pursuant to New York Labor Law §§ 198(1-a), 663(1) and §216b of the Fair Labor Standards Act.;

g.      Compensatory damages for Defendants' willful breach of the Settlement Agreement and Assurance of Discontinuance;

h.      Prejudgment interest; and

i.      The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

Dated:   May 17, 2007

ALTERMAN & BOOP, LLP

By: _____/s/_____
      Daniel L. Alterman (DA0454)
      35 Worth St.
      New York, New York 10013
      212-226-2800

      Kenneth Kimerling (KK5762)
      Asian American Legal Defense and Education Fund
      99 Hudson Street
      New York, New York 10013
      212-966-5932

      Attorneys For Plaintiffs

18